UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY ALLEN TAYLOR, JR.,

    Petitioner,

                                CASE NO. 2:10-CV-13757
v.                       JUDGE VICTORIA A. ROBERTS
                                MAGISTRATE JUDGE PAUL J. KOMIVES

RAYMOND BOOKER,

    Respondent.[1]
_____/

# REPORT AND RECOMMENDATION

*Table of Contents*

I.    RECOMMENDATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
II.   REPORT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
     A.   *Procedural History* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
     B.   *Factual Background Underlying Petitioner's Conviction* . . . . . . . . . . . . . . . . . . . 3
     C.   *Standard of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
     D.   *Weight of the Evidence* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
     E.   *Recommendation Regarding Certificate of Appealability* . . . . . . . . . . . . . . . . . . 10
          1.   *Legal Standard* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
          2.   *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
     F.   *Conclusion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
III.  NOTICE TO PARTIES REGARDING OBJECTIONS . . . . . . . . . . . . . . . . . . . . . . . . 12

---

    [1]By Order entered this date, Raymond Booker has been substituted in place of Cindi Curtin as the proper respondent in this action.

I. <u>RECOMMENDATION</u>: The Court should deny petitioner's application for the writ of habeas corpus. If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

II. <u>REPORT</u>:

A. *Procedural History*

1. Petitioner Timothy Allen Taylor, Jr. is a state prisoner, currently confined at the Ryan Correctional Facility in Detroit, Michigan.

2. On January 8, 2008, petitioner was convicted of armed robbery, MICH. COMP. LAWS § 750.529, following a jury trial in the Livingston County Circuit Court. On February 21, 2008, he was sentenced to a term of 20-50 years' imprisonment as a third habitual offender. MICH. COMP. LAWS § 769.11.

3. Petitioner appealed as of right to the Michigan Court of Appeals raising, through counsel, the following claim:

> THE TESTIMONY OF THE FOUR RES GESTAE WITNESSES OVERWHELMINGLY SUPPORTS THE CONCLUSION THAT PETITIONER DID NOT POSSESS OR FEIGN A WEAPON. THE INVESTIGATING OFFICERS FOUND NO WEAPON. PETITIONER AT ALL TIMES DENIED USING OR FAKING A WEAPON. THE GUILTY VERDICT IS AGAINST THE GREAT WEIGHT OF THE EVIDENCE. PETITIONER IS ENTITLED TO A NEW TRIAL.

The court of appeals found no merit to petitioner's claims, and affirmed his conviction and sentence. *See People v. Taylor*, No. 284594, 2009 WL 1830744 (Mich. Ct. App. June 25, 2009) (per curiam).

4. Petitioner, proceeding *pro se*, sought leave to appeal this issue to the Michigan Supreme Court. The Supreme Court denied petitioner's application for leave to appeal in a standard order. *See People v. Taylor*, 485 Mich. 729, 773 N.W.2d 708 (2009).

5. Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus on September 21, 2010. As grounds for the writ of habeas corpus, he raises the following claim:

> THE TESTIMONY OF THE FOUR RES GESTAE WITNESSES OVERWHELMINGLY SUPPORTS THE CONCLUSION THAT PETITIONER DID NOT POSSESS OR FEIGN A WEAPON. THE INVESTIGATING OFFICERS FOUND NO WEAPON. PETITIONER AT ALL TIMES DENIED USING OR FAKING A WEAPON. THE GUILTY VERDICT IS AGAINST THE GREAT WEIGHT OF THE EVIDENCE. PETITIONER IS ENTITLED TO A NEW TRIAL.

6. Respondent filed his answer on March 28, 2011. He contends that a great weight of the evidence claim is a matter of state law which is not cognizable on habeas review.

7. Petitioner did not file a reply to respondent's answer.

B.    *Factual Background Underlying Petitioner's Conviction*

The factual background underlying petitioner's conviction was accurately summarized in the Michigan Court of Appeals' opinion (original formatting and grammar preserved).

> On October 6, 2007, defendant robbed a party store.[2] In preparation, defendant cut holes into an orange knit hat to create a ski mask, smoked crack cocaine, put on a pair of gloves, and walked into the store. Defendant succeeded in stealing money from the cash register and fled. Defendant denied that he had a gun or that he pretended to have a gun. Four eyewitnesses testified at trial, and they all testified that they did not see any weapon. However, two of the witnesses, Ms. Allen and Mr. Blanchard, testified that defendant acted in a manner that led them to believe that he had a gun. The other two witnesses, Ms. Miller and Ms. Cannon, testified that defendant did nothing that led them to believe that he had a gun.
> Allen testified that defendant grabbed her, that she could feel something hard sticking in to her side, and that she "clearly" heard defendant say that he had a gun and that he was not afraid to use it. This statement led Allen to believe that the hard object that was sticking into her side was a gun. Blanchard testified that defendant had a triangular-shaped, wrapped object in his right hand. When Blanchard took a step toward defendant, defendant pointed the object at Blanchard and asked him, "Do you want a piece of this?" Blanchard testified that this action caused him to believe

---

[2]Defendant admits that he committed the robbery. He denies only that he committed an *armed* robbery.

that the wrapped object "might have been a gun or something of that nature." Miller testified that she did not hear defendant make any threats or state he had a gun; however, Miller testified that the entire situation was traumatic for her and that she "kind of blocked everything out after [defendant] let [her] go."[3] Cannon testified that she could not hear anything that defendant was saying. However, she acknowledged that she was inside the store only for a few seconds while defendant was holding Allen, and was not in the store at all when defendant allegedly pointed an object at Blanchard.

*Taylor*, 2009 WL 1830744 at *1.

C. *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts

---

[3] Both Miller and Allen worked at the party store. Defendant initially grabbed Miller, and Miller yelled for Allen. When Allen came to the front of the store, defendant released his grip on Miller and grabbed Allen.

the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.' In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).

Although "clearly established Federal law as determined by the Supreme Court" is the

5

benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp.2d 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

D.  *Weight of the Evidence*

Petitioner contends that the trial court's verdict was against the great weight of the evidence. This claim raises only a non-cognizable issue of state law. The federal constitution requires only that the evidence be sufficient to sustain a conviction under the standard established in *Jackson*. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) ("The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."). Where the evidence is sufficient as a matter of due process, a claim that the verdict was against the weight of the evidence presents a state law issue which is not cognizable on habeas review. *See Douglas v. Hendricks*, 236 F. Supp.2d 412, 435-36 (D.N.J. 2002); *Dell v. Straub*, 194 F. Supp.2d 629, 648 (E.D. Mich. 2002) (Friedman, J.); *Correa v. Duncan*, 172 F. Supp.2d 378, 381 (E.D.N.Y. 2001); *cf. Tibbs v. Florida*, 457 U.S. 31, 44 (1982) (noting in a different context that "trial and appellate judges commonly distinguish between weight and sufficiency of the evidence."). In short, "[a] federal habeas court has no power to grant habeas

corpus relief because it finds that the state conviction is against the 'weight of the evidence.'" *Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985).

Therefore, the only question that remains to be answered, though petitioner does not bring it up in his petition, is whether the evidence was constitutionally sufficient to prove all elements of petitioner's armed robbery conviction beyond a reasonable doubt. If this question can be answered in the affirmative, then there is no basis for habeas relief.

Under the amended version § 2254(d)(1), a federal habeas court must apply a more deferential standard of review of the state court's decision. Thus, the question is whether the Michigan Court of Appeals's application of the *Jackson* standard was reasonable. *See Gomez v. Acevedo*, 106 F.3d 192, 198-200 (7th Cir. 1997), *vacated on other grounds sub nom. Gomez v. DeTella*, 522 U.S. 801 (1998). Furthermore, it is the job of the fact finder at trial, and not this court on habeas review, to resolve conflicts in evidence. *Jackson*, 443 U.S. at 326. Reviewing courts "must respect the executive province of the [fact finder] to determine credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inference from proven facts, by assuming the [fact finder] resolved all such matters in a manner in which supports the verdict." *United States v. Gillock*, 866 F.2d 220, 222 (9th Cir. 1989) (quoting *United States v. Ramos*, 558 F.2d 545, 546 (9th Cir. 1977).Furthermore, under *Jackson*, a reviewing court must look to state law for "substantive elements of the criminal offense, *Jackson*, 443 U.S. at 324. The deferential treatment to fact finders outlined in *Jackson* does not permit "fine-grained factual parsing" of established facts upon habeas review. *Coleman v. Johnson*, 566 U.S. __, 132 S. Ct. 2060, 2064 (2012) (per curiam). In essence, the Supreme Court has further cemented the deferential standard enunciated in *Jackson*. Therefore, this analysis will address only the facts and witness testimony adduced at trial.

Under Michigan law, the common law crime of armed robbery is defined as such:

> A person who engages in [a robbery] and who in the course of engaging in that conduct, possesses a dangerous weapon or an article used or fashioned in a manner to lead any person present to reasonably believe the article is a dangerous weapon, or who represents orally or otherwise that he or she is in possession of a dangerous weapon, is guilty of a felony . . .

MICH. COMP. LAWS § 750.529

Michigan courts define the elements of armed robbery as "(1) an assault, (2) a felonious taking of property from the victim's person or presence, and (3) the defendant must be armed with a weapon described in the statute." *Burger v. Prelesnik*, 826 F. Supp.2d 997, 1015 (E.D. Mich. 2011) (Lawson, J.) ( quoting *People v. Johnson*, 206 Mich. App. 122, 123, 520 N.W.2d 672, 673 (1994)). Because petitioner admits he committed the robbery and contests only that he committed an *armed* robbery, the remainder of this analysis will focus on the third element, that is, whether petitioner possessed a dangerous weapon or represented that he was in possession of such a weapon during the commission of the robbery.

In Michigan, one need not actually possess a dangerous weapon in order to satisfy the third element of the statutory crime of armed robbery. *People v. Jolly*, 442 Mich. 458, 469-70, 502 N.W.2d 177, 181-82 (1993). Furthermore, objective evidence of the existence of a weapon, and not just the subjective belief of the victim that the perpetrator is actually armed, is sufficient to satisfy the third element of armed robbery. *Id.* at 469; *Johnson*, 520 N.W.2d at 674. In *Jolly*, the Michigan Supreme Court stated that:

> The typical armed robbery case prosecuted under the feigned weapon method involves either the use of a toy gun or a finger or other object hidden in a bag or under a coat to simulate the appearance of a weapon *together with threatening behavior and statements indicating the existence of a weapon.* The existence of some object, whether actually seen or obscured by clothing or something such as a paper bag, is objective evidence that a defendant possesses a dangerous weapon or an

>article used or fashioned to look like one. *Related threats, whether verbal or gesticulatory, further support the existence of a weapon or article.*

*Jolly*, 502 N.W.2d at 181-82 (emphasis added).

Therefore, under Michigan law, a defendant need not actually possess and use a dangerous weapon to meet the third element or armed robbery. Instead, the "armed" element may be satisfied if the defendant has some object, or even a finger, hidden or obscured from view, in addition to making threats or suggestions that he is, in fact, armed with a dangerous weapon.

In this case, petitioner grabbed Ms. Allen, who stated she then felt "something hard sticking into her side," and that petitioner then stated that he had a gun and was not afraid to use it. *Taylor*, 2009 WL 1830744 at *1. Another witness, Mr. Blanchard, noted that petitioner had a "triangular-shaped, wrapped object" in his hand and, when confronted, asked Mr. Blanchard if "[he] want[ed] a piece of this." *id.* In both situations, petitioner had some kind of object and made concrete verbal threats to both Ms. Allen and Mr. Blanchard that he intended to use the object in a manner consistent with that of a dangerous weapon.

Petitioner's habeas corpus petition on this ground should therefore be denied. As explained above, weight of the evidence claims are non-cognizable upon habeas review. Furthermore, even if such a claim were cognizable, the evidence was sufficient to prove petitioner engaged in an armed robbery, as defined in the Michigan statute. Petitioner both had an object and threatened to use it against two individuals. Petitioner grabbed Ms. Allen and jammed an object into her side, in addition to brandishing an object to Mr. Blanchard. In both instances, petitioner made verbal threats about his willingness to use the object against both Ms. Allen and Mr. Blanchard. By both brandishing the object and threatening to use it, petitioner satisfied the "armed" element of the crime of armed robbery under Michigan law. Petitioner's habeas claim should, therefore, be denied on this count.

E.      *Recommendation Regarding Certificate of Appealability*

   1.   *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments. In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

2.  *Analysis*

If the Court accepts my recommendation on the merits of petitioner's claim, the Court should also conclude that petitioner is not entitled to a certificate of appealability. Petitioner's sole claim in this habeas corpus petition is that the guilty verdict was against the great weight of the evidence. As mentioned above, claims involving weight of the evidence are issues of state law that are non-cognizable on habeas review. The federal constitution only requires that evidence be sufficient to prove a defendant's guilt beyond a reasonable doubt. In petitioner's case, two witnesses testified that petitioner had an object and made verbal threats indicating his willingness to use it in a harmful manner. One witness felt an object stuck into her side, while the other witness saw an object in petitioner's hand. Objective evidence of the existence of a weapon, as well as threats related to its use, are sufficient to prove a defendant is armed under MICH. COMP. LAWS § 750.529. Accordingly,

11

the Court should conclude that petitioner is not entitled to a certificate of appealability.

F.  *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law. Accordingly, the Court should deny petitioner's application for the writ of habeas corpus.

III.  NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                       s/Paul J. Komives  
                                       PAUL J. KOMIVES  
                                       UNITED STATES MAGISTRATE JUDGE  

Dated: 7/26/12

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on July 26, 2012.
>
>                          s/Eddrey Butts  
>                          Case Manager